UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES A. JONES,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration[1],<br><br>                Defendant. | NO: 12-CV-0152-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 14, 16). Plaintiff is represented by Maureen J. Rosette.

_____

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Under Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

Defendant is represented by Lisa Goldoftas.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. There being no reason to delay a decision, the hearing set for March 14, 2014, is vacated and this matter is submitted without oral argument.  For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this

standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1    considering his age, education, and work experience, engage in any other kind of

2    substantial gainful work which exists in the national economy." 42 U.S.C. §

3    1382c(a)(3)(B).

4         The Commissioner has established a five-step sequential analysis to

5    determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

6    404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v).  At step one, the Commissioner

7    considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i);

8    416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

9    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

10   404.1520(b); 416.920(b).

11        If the claimant is not engaged in substantial gainful activities, the analysis

12   proceeds to step two.  At this step, the Commissioner considers the severity of the

13   claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the

14   claimant suffers from "any impairment or combination of impairments which

15   significantly limits [his or her] physical or mental ability to do basic work

16   activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c);

17   416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

18   however, the Commissioner must find that the claimant is not disabled.  *Id.*

19        At step three, the Commissioner compares the claimant's impairment to

20   several impairments recognized by the Commissioner to be so severe as to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

1    20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

2    the Commissioner must also consider vocational factors such as the claimant's age,

3    education and work experience.  *Id.*  If the claimant is capable of adjusting to other

4    work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

5    404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other

6    work, the analysis concludes with a finding that the claimant is disabled and is

7    therefore entitled to benefits.  *Id.*

8        The claimant bears the burden of proof at steps one through four above.

9    *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

10   the analysis proceeds to step five, the burden shifts to the Commissioner to

11   establish that (1) the claimant is capable of performing other work; and (2) such

12   work "exists in significant numbers in the national economy."  20 C.F.R. §§

13   404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir.

14   2012).

15                           ALJ'S FINDINGS

16       Prior to the case before the Court, Plaintiff filed for Title II and Title XVI

17   benefits on August 14, 2006.  After he was denied at the initial and reconsideration

18   levels he requested a hearing before an ALJ.  The ALJ issued an unfavorable

19   ruling on July 25, 2008.  Plaintiff requested the Appeals Council to review the

20

decision, but was denied review on March 5, 2010.  *See generally* Tr. 21
(describing procedural history of the case).

The instant case arises from an application made on November 3, 2008,
when Plaintiff again applied for Title II and Title XVI benefits.  Tr. 21.  His claims
were denied initially and upon reconsideration. Tr. 21.  Plaintiff filed a request for
a hearing and appeared with an attorney at a hearing held on June 8, 2010.  Tr. 21.

After the hearing, the ALJ made the following findings.  Plaintiff met the
insured status requirements for Title II through September 30, 2012.  Tr. 23.  At
step one, Plaintiff had not engaged in substantial gainful activity since July 26,
2008, the amended alleged onset date.  Tr. 23.  At step two, Plaintiff had severe
impairments of seizure disorder; left shoulder bursitis; right shoulder impingement
syndrome; depressive disorder not otherwise specified; undifferentiated
somatoform syndrome disorder; and personality disorder not otherwise specified.
Tr. 24.

At step three, the ALJ found that Plaintiff did not have an impairment or
combination of impairments that met or medically equaled a listed impairment in
20 C.F.R. § 404 app. 1.  Tr. 24.  He had the residual functional capacity ("RFC")

> to perform light work . . . except he can frequently balance, stoop, crouch,
> crawl, or climb ramps, stairs, ladders, ropes, or scaffolds; he cannot engage
> in overhead reaching bilaterally; he should avoid concentrated exposure to
> unprotected heights and moving machinery; he can tolerate only superficial
> contact with the general public; and he can work with others but not in close
> cooperation for extended periods of time.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

Tr. 27.  The ALJ found that Plaintiff was not credible with regard to the intensity, persistence and limiting effects of his limitations.  Tr. 28.

At step four, Plaintiff was unable to perform past relevant work.  Tr. 31.  At step five, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs existing in significant numbers in the national economy that he could perform.  Tr. 32-33.  Accordingly, the ALJ concluded Plaintiff was not disabled within the meaning of the Act.  Tr. 33.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Tr. 1-7; 20 C.F.R. § 404.981.

## ISSUE

Plaintiff contends the ALJ failed to properly consider medical evidence which makes his residual functional capacity more limited than what the ALJ determined.

## DISCUSSION

The hypothetical an ALJ poses to a vocational expert, which derives from the RFC, "must set out *all* the limitations and restrictions of the particular claimant." *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir. 1988).  Thus, an RFC that fails to take into account a claimant's limitations is defective.  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

A treating physician's opinion is entitled to "substantial weight." *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir.1988).  If evidence in the record contradicts the opinion of a treating physician, the ALJ must present "specific and legitimate reasons" for discounting the treating physician's opinion, supported by substantial evidence.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting  *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995)).  Where a treating physician's medical opinion is not contradicted by the opinion of another physician, the ALJ must set forth clear and convincing reasons for disbelieving the treating physician.  *Thomas v. Barnhart,* 278 F.3d 947, 956-57 (9th Cir.2002). However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."  *Bray*, 554 F.3d at 1228 (quoting *Thomas,* 278 F.3d at 957).

With these standards in mind, the Court will address the ALJ's consideration of medical evidence provided by Drs. Mabee and Laudenbach.[2]

---

[2]  The Court declines to address Plaintiff's general contention that the ALJ did not consider or properly reject Dr. Layton's opinion, ECF No. 15 at 9, 11, as it was not argued with any specificity.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address plaintiffs argument "because [plaintiff] failed to argue this issue with any specificity in his briefing.").

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1       1.  <u>Dr. W. Scott Mabee</u>

2       Plaintiff argues that the ALJ did not provide specific and legitimate reasons

3  for rejecting the opinions of Ashlie Hagen, M.S. ("Ms. Hagen"), who worked

4  under the supervision of Dr. W. Scott Mabee.[3]  The Court disagrees.

5       Plaintiff points to a check-box evaluation conducted in August 2008 where

6  Hagen found that Plaintiff was "markedly limited" in his ability to relate

7  appropriately to coworkers and supervisors, respond appropriately to the

8  expectations of a normal work setting, and maintain appropriate behavior.  Tr. 26,

9  233.  The ALJ gave "some weight" to this opinion, but noted that the assessment

10  was inconsistent with Ms. Hagen's own narrative.  Tr. 26.  In her narrative, Ms.

11  Hagen opined that Plaintiff had the ability to learn new materials and engage in

12  complex tasks, and that he was "pleasant to work with and cooperative." Tr. 25,

13  237.  Other medical evidence in the record supports a lessor limitation than is

14  claimed.  Specifically, the ALJ noted that Plaintiff showed the ability to work for

15  his landlord and that his therapists regularly reported that he actively participated

16  in group therapy sessions and activities.  Tr. 26, 237, 303, 304, 307-309.  He was

17

18  [3]  The Court declines to address the evaluations conducted prior to the alleged

19  onset date of July 26, 2008, during which time Plaintiff was previously found not

20  disabled.  Tr. 21.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

also able to engage in a romantic relationship for a period of time during 2008.  Tr. 26, 281, 293, 314.

The ALJ's determination is also supported by state agency consultative psychologists Mary A. Gentile, Ph.D.  After reviewing the medical evidence, Dr. Gentile concluded that Plaintiff was capable of superficial contact with the public and co-workers.  Tr. 29, 339-56; *see also Tonapetya v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (explaining that "a contrary opinion of a non-examining medical expert . . . may constitute substantial evidence when it is consistent with other independent evidence in the record.").  Taken together, the ALJ provided specific and legitimate reasons for giving only "some weight" to Ms. Hagen's and Dr. Mabee's opinion that Plaintiff was "markedly limited" in the areas discussed above.

### 2. Dr. Laudenbach

Plaintiff argues that the ALJ did not set forth specific and legitimate reasons for rejecting Dr. Laudenbach's opinion.  The ALJ did not give "any weight" to Dr. Laudenbach's opinion because it was inconsistent with other evidence on the record.  Tr. 30.  Thus, the Court must determine whether the ALJ supported this finding with specific and legitimate reasons that amount to substantial evidence.  *See Bray*, 554 F.3d at 1228.

1    In September 2008, Dr. Laudenbach completed a physical evaluation and

2    opined that Plaintiff was "severely limited" due to seizures. Tr. 229. The ALJ,

3    however, explained that this opinion was "not supported by the objective medical

4    findings" in the record. Tr. 30. Without objective evidence in the record, we are

5    left to Plaintiff's self-reporting. As further support for his finding , the ALJ

6    pointed out the following specific evidence in the record. In August 2008, Plaintiff

7    reported to Ms. Hagen, M.S., that he had not had any seizures in 13 years. Tr. 30,

8    236. Three weeks later, Plaintiff told Dr. Laudenbach that his last seizure was in

9    September 2007. Tr. 30, 275. In December 2008, and again in January 2009,

10   Plaintiff denied any recent seizure activity. Tr. 30, 272. Yet in June 2010,

11   Plaintiff testified that he had been having seizures more often than weekly for the

12   last couple of years. Tr. 66. These inconsistencies in the record, as pointed out by

13   the ALJ, are specific and legitimate reasons for rejecting as incredible Dr.

14   Laudenbach's opinion that Plaintiff was "severely limited" by the seizure disorder.

15   Additionally, the Court finds that a reasonable mind might accept this evidence as

16   adequate to support the ALJ's conclusion that Dr. Laudenbach's opinion not be

17   given "any weight." *See Hill*, 698 F.3d at 1159.

18                                    CONCLUSION

19   The Court finds that the ALJ's consideration of the medical evidence is

20   properly supported by substantial evidence. The ALJ provided specific, clear and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

convincing reasons for rejecting and discounting conflicting and inconsistent evidence.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No. 16, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

3. The hearing set for March 14, 2014, is **VACATED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** this 29th day of March, 2013.

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13